ROBERTS, Justice.
The appellants, J. W. Abrams, et al., are approximately seventy milk producers and one milk brokerage corporation from the State of Alabama, who sell a substantial part of their milk produced in Alabama to Burden’s Dairy of Pensacola, a milk distributor. The appellants, who own the Black Belt Dairies, Inc., sell a portion of their milk to Borden’s Dairy, Polar Ice Cream and Creamery Company, Inc., and to other distributors in Pensacola, Florida. Appellees are the Florida Milk Commission and its members who heretofore adopted two base orders for the Pensacola milk marketing area under authority of Chapter 501 of the Florida Statutes, F.S.A., regulating the milk industry. The Commission established a base fixing plan for the Pensacola milk marketing area and a schedule of minimum prices to be paid by distributors to producers.
Appellants filed their comlaint for an injunction and declaratory judgment against the appellees in the Circuit Court of Leon County, Florida, challenging the base order and the allocation order favoring Florida producers on the ground that “it set up a trade barrier to the import of their milk into Florida and had the practical effect of denying them access to the Florida market which they had served for several years, in violation of the Commerce Clause *293 and the Fourteenth Amendment to the United States Constitution”.
The case came to trial and was heard by the Circuit Court in and for Leon County. The trial judge, in his final decree, held that the appellee Commission’s regulations, in themselves, were not in violation of the United States Constitution; that the problem is essentially local in nature; that, because of the public interest involved in the maintenance of the dairy industry, the regulations are reasonable and do not violate the rights of competitive producers operating in Alabama; and that the Commerce Clause does not prohibit a state from enacting legislation under its police power merely because the regulation may have some incidental effect upon the flow of commerce between the states.
Judgment was entered for the ap-pellee milk commission and appellants appealed to this court. The question of the validity of the state’s attempt to regulate the sale, supply and distribution of milk and milk products is before us. The base fixing plan and schedule of minimum prices are challenged in this case. We have jurisdiction under Section 4(2), Article V, Constitution of Florida, F.S.A., inasmuch as the trial court construed controlling provisions of the federal constitution.
After the rendition of the order and judgment by the trial court, and after the cause had been heard by this court, the Supreme Court of the United States filed its opinion in Polar Ice Cream and Creamery Co. v. Charles O. Andrews, Jr., et al. (1964), 375 U.S. 361, 84 S.Ct. 378, 11 L.Ed. 2d 389. The two cases are generally analogous and inasmuch as the lower court did not have the benefit of the expressions from the Supreme Court of the United States in Polar Ice Cream and Creamery Co., supra, at the time the decision in the instant case was announced and since it appears now such decision may have led the trial judge to a different conclusion, the judgment is vacated and the cause remanded for further consideration in the light of the U. S. Supreme Court decision.
It is so ordered.
DREW, C. J„ THOMAS, THORNAL and O’CONNELL, JJ., CARROLL, District Court Judge, and FITZPATRICK, Circuit Judge, concur.